# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| GENARD ALONZO TONEY, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 19-03440-CV-S-SRB-P <br> Crim. No. 17-03135-01-CR-S-SRB |

## ORDER

Movant, who is incarcerated at the FCI Gilmer in Glenville, West Virginia, pursuant to a conviction and sentence entered in the above-cited criminal case, filed *pro se* the present motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On May 29, 2018, Movant pleaded guilty to enticement of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, in violation of 18 U.S.C. § 2251(a) and (e) ("Count One") and to receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) ("Count Two"). Crim. Docs. 1, 23, 25. This Court sentenced Movant to 360 months on Count One and 240 months on Count Two, to be served concurrently and to be followed by concurrent terms of life-time supervised release. Crim. Doc. 36.

Movant raises the following six grounds for relief in his initial § 2255 motion: (1) defense counsel was ineffective for failing to file a notice of appeal; (2) defense counsel failed to enter into plea negotiations with the Government; (3) defense counsel made no attempt to review the discovery material or investigate the facts; (4) defense counsel failed to object to the "enhancements" in the Presentence Investigation Report ("PSR") and lost the statement Movant had prepared for sentencing; (5) defense counsel failed to file a motion to suppress messages and

photographs seized from Movant's telephone and computer; and (6) Movant was unlawfully sentenced under *United States v. Haymond*, 139 S. Ct. 2369 (2019). Doc. 1, pp. 4-12. Movant also filed a supplemental § 2255, wherein he claims that defense counsel failed to do his own PSR, failed to give Movant guidance before he met with the probation officer for the PSR, and was not present with Movant during the meeting. Doc. 9.

As to Ground One, Respondent concedes that Movant is entitled relief, because defense counsel acknowledges that he was instructed by Movant to file a notice of appeal, but he failed to file it. Doc. 11, p. 8; Doc. 11-2. "A counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of § 2255." *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002) (internal quotation omitted). "[C]ounsel's deficient performance must actually cause the forfeiture of the defendant's appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). After such a showing, prejudice is presumed, and the court does not need to make a finding as to whether the potential appeal would be "meritorious or likely to succeed." *Watson v. United States*, 493 F.3d 960, 963-64 (8th Cir. 2007).

Upon review of the record, including Respondent's concession to Ground One and defense counsel's affidavit conceding that an appeal was requested by Movant but not filed, this Court finds that Movant is entitled to relief on Ground One. Consequently, Movant's judgment of conviction will be vacated, a new judgment of conviction and sentence will be entered, and Movant will be permitted the filing of a notice of appeal with substitute counsel appointed.

As to Movant's remaining grounds for relief, Respondent argues that Movant's claims are without merit and should be denied without an evidentiary hearing. Doc. 11, pp. 9-19. Movant requests that this Court "suspend issuance of a ruling" on these remaining claims until his direct

appeal has concluded, "as some or all of those claims may be the subject of argument on direct appeal." Doc. 13, p. 1.

Because Movant expects his direct appeal to raise some or all of the issues underlying his remaining claims, this Court will dismiss Movant's remaining grounds for relief without prejudice, so that Movant can seek relief in his appeal and in a § 2255 proceeding following his appeal, if necessary. *See United States v. Griffin*, 668 F.3d 987, 989-91 (8th Cir. 2012) (where district court granted § 2255 relief on claim that counsel failed to file a notice of appeal and dismissed the remaining claims without prejudice, directing appellant to raise her remaining ineffective assistance of counsel claims in a subsequent § 2255 proceeding, which would not be a second or successive habeas application within the meaning of § 2255 and §2244(b)).

Accordingly, it is **ORDERED** that:

(1) Movant's § 2255 motion is granted as to Ground One;

(2) Movant's judgment of conviction is vacated, and a new judgment of conviction and sentence shall be entered in the above-cited criminal case. Following the issuance of the new judgment, Movant will be permitted the filing of a notice of appeal with substitute counsel appointed; and

(3) Movant's remaining grounds for relief are denied without prejudice.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 1, 2020